# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARCELINO SEGURA, | ) | |
| EUSEBIO MENDOZA | ) | |
| & | ) | |
| LUIS LORENZO | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Civil Action No.: |
| JORGE MENESES | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

## INTRODUCTION

The plaintiffs worked for the defendant doing construction work and general labor as part of a business that buys, rehabilitates, and resells houses in distressed urban areas. Plaintiffs were not paid overtime and were not paid their final week's wages.

## JURISDICTION AND VENUE

1. This action arises under the laws of the United States, the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1331.

2. Venue is appropriate in the District of Massachusetts as all of the events and omissions giving rise to this claim occurred here.

## PARTIES

3. Plaintiffs Marcelino Segura, Eusebio Mendoza and Luis Lorenzo (collectively, "Plaintiffs") live in Suffolk County, Massachusetts.  Each worked as a laborer performing construction tasks for Jorge Meneses, d/b/a General Contractors of New England.

4. Defendant Jorge Meneses ("Defendant") runs a business that buys, rehabilitates, and resells houses in urban areas such as Dorchester, Brockton and Lowell.  He regularly conducted business within this judicial district at all times relevant to this complaint.

1

5. Defendant's construction company engaged in "interstate commerce" because, upon information and belief, it had combined annual gross sales of at least $500,000.00 for each of the previous three years.

6. Defendant Jorge Meneses resides at 80 Danforth Road, Tyngsboro, Massachusetts 01879 in Middlesex County,

## FACTS

7. Plaintiffs were employed by Defendant from 2012 through 2015 doing construction work and general labor.

8. Each Plaintiff was furnished his weekly wages by check at an hourly rate of $14.00 per hour.

9. Each Plaintiff was furnished weekly wages paid on an hour-by-hour basis.

10. Plaintiffs usually worked from 7 a.m. to 6 or 7 p.m. five or six days a week.

11. Plaintiffs routinely worked over forty hours a week but were never paid one and one-half times their regular hourly rate for hours worked over forty,

12. In July 2015, Plaintiffs were not paid their final week's wages.

13. Plaintiff's attorney has received authorization from the Fair Labor Division of the Mass. Attorney General's Office to commence a private right of action against the Defendant for violations of the Mass. Wage and Hour Law.

## CAUSES OF ACTION

### COUNT 1 – Fair Labor Standards Act, 29 U.S.C. § 207 et seq.

14. The previous paragraphs are re-alleged and incorporated by reference.

15. The Fair Labor Standards Act provides that employers such as Jorge Meneses must compensate employees such as the Plaintiffs at a rate of at least time and one half for hours worked over forty in a week.

16. The Defendant employed Plaintiffs who worked over forty hours per week and willfully failed to pay them overtime, in violation of the FLSA.

### COUNT II – Mass Wage Act, Mass. General Laws. c. 149, §§ 148, 150

17. The previous paragraphs are re-alleged and incorporated by reference.

2

18. Mass. General Laws c. 149, § 148, 150, requires employers to pay employees for time worked no later than six days following the end of a pay period in which wages are earned, and employees who are discharged from employment must be paid in full on the day of discharge.

19. The Defendant violated Mass. General Laws c. 149, § 148 by failing to pay Plaintiffs' final week's wages.

## COUNT III – Mass Overtime Law  c. 151, § 1A

20. The previous paragraphs are re-alleged and incorporated by reference.

21. Mass. General Laws c. 151, § 1A requires an employer to compensate an employee who works in excess of forty hours a week at a rate of not less than one and one half times his regular hourly rate.

22. The Defendant violated Mass. General Laws  c. 151 and c. 149, § 148 by failing to pay Plaintiffs' overtime.

## COUNT IV – UNJUST ENRICHMENT

23. The previous paragraphs are re-alleged and incorporated by reference.

24. Defendant has been unjustly enriched at the expense of the Plaintiffs by receiving the benefit of their services without paying them proper compensation and failing to provide workers' compensation coverage, health insurance, or withhold state and federal taxes.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiffs request that the Court:

1. Award the value of wages and other benefits;
2. Award liquidated damages in the form of double or triple the wages and overtime wrongfully withheld, along with attorney's fees pursuant to the FLSA;
3. Award liquidated damages in the form of triple wages and overtime wrongfully withheld, and attorney fees pursuant to Mass. Gen. Law. c. 149, § 150;
4. Award Preliminary Relief;
5. Award any Other Relief as the Law and Justice requires.

## PLAINTIFFS DEMAND A TRIAL BY JURY

PLAINTIFFS
MARCELINO SEGURA,

EUSEBIO MENDOZA &
LUIS LORENZO

By their attorneys,

Dated: August 17, 2015

/s/ John R. Bita
John R. Bita III, Esq. (BBO #667886)
35 India Street, 3d Floor
Boston, Massachusetts 02110
(617) 538-5407
jrb@bitalaw.com

and,

/s/ Michael J. Bace, Esq.
Michael J. Bace, Esq. (BBO #669948)
BACE LAW GROUP, LLC
PO Box 9316
Boston, MA 02114
508-922-8328
mjb@bacelaw.com